**FILED**

UNITED STATES DISTRICT COURT

JAN 1 7 2006

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

CLERK

*******************************************************************

|  |  |  |
|---|---|---|
| GLOBAL POLYMER INDUSTRIES, INC., | * | 05-4081 |
|  | * |  |
| Plaintiff, | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
|  | * |  |
| C&A PLUS, INC., and C&A PRO, LLC, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

*******************************************************************

Defendant C&A Pro, LLC ("C&A Pro"), has filed a motion to dismiss for lack of in personam jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a motion to transfer pursuant to 28 U.S.C. § 1404(a), and a motion for a more definite statement pursuant to Rule 12(e). (Doc. 8.)  Defendant C&A Plus, Inc. ("C&A Plus") does not challenge the Court's in personam jurisdiction, but it joins in C&A Pro's motions to dismiss for failure to state a claim, to transfer and for a more definite statement. (Doc. 7.)  The motions have been fully briefed and the Court has determined that oral argument is not necessary for a ruling on the motions.

## BACKGROUND

The following facts were drawn from the submissions of the parties. C&A Plus, a Minnesota corporation with a principal place of business in Mentor, Minnesota, manufactures and sells snowmobile parts. Prior to January, 2002, C&A Plus contracted with Plaintiff Global Polymer Industries, Inc. ("Global"), a South Dakota corporation with its principal place of business in Arlington, South Dakota, for Global to provide the ski element for the front steering mechanism on snowmobiles. Global began to design and manufacture the parts requested by C&A Plus, and the parts were delivered to C&A Plus at its place of business in Minnesota. The parties operated on an open account basis. Over time, C&A Plus made some payments on the account, but arrears in the sum of $160,023.12 accrued. In April 2003, Global filed a collection action against C&A Plus in

the Third Judicial Circuit Court, Kingsbury County, South Dakota, Civ. 03-08. On June 2, 2004, Global obtained a judgment against C&A Plus for damages in the amount of $194,335.18.

The present action was filed by Global in the Third Judicial Circuit Court, Kingsbury County, South Dakota, Civ. 05-32. By Notice of Removal filed on June 8, 2005, C&A Pro removed this action from state court to this Court.[1] Global alleges that around August 2004, C&A Plus assigned all of its assets to C&A Pro, without any consideration being given, in order to defraud Global and to avoid paying the judgment. Global believes that C&A Pro carries on all of C&A Plus' operations, employs the same employees, and has the same stockholders, directors or officers. C&A Plus does not have any property, other than the assets and business transferred, out of which Global can execute on its judgment. In its Complaint, Global requests the conveyance of assets from C&A Plus to C&A Pro be set aside, that the assets be held subject to payment of Global's judgment, and that the assets be sold to satisfy the judgment. Defendants move to dismiss or transfer the Complaint. Upon careful consideration of the pleadings and affidavits, the Court will allow Global to conduct discovery on the issues of personal jurisdiction and venue.

## DISCUSSION

The determination of whether the Court has personal jurisdiction over a defendant is normally a two-step analysis. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the applicable state long-arm statute, here SDCL § 15-7-2, must be satisfied and second, the Court's exercise of jurisdiction must comport with due process. *Id.* In South Dakota, the analysis collapses into one step: the due process analysis. *See Bell Paper Box, Inc. v. Trans Western Polymers, Inc.,* 53 F.3d 920, 921 (8th Cir. 1995) ("South Dakota applies its long-arm statute to the fullest extent permissible under due process"). Due process allows a Court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice and if the defendant has sufficient "minimum contacts" with the forum state. *World-Wide Volkswagen Corp. v. Woodson*,

---

[1]C&A Plus consented to removal. (Doc. 11.)

444 U.S. 286, 291 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The contacts are sufficient if the defendant "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp.*, 444 U.S. at 297, because he has performed "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The inquiry is whether the defendants have directed their activities toward residents of the forum and whether the litigation arises out of those activities. *Burger King*, 471 U.S. at 472; *Northrup King Co.*, 51 F.3d at 1387.

While the plaintiff ultimately bears the burden of proof on the issue, personal jurisdiction need not be proved by a preponderance of the evidence until trial or evidentiary hearing. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). To survive a motion to dismiss, the plaintiff must make a prima facie showing of personal jurisdiction. *Id.* Where the Court does not hold an evidentiary hearing, but instead relies upon the pleadings and affidavits filed by the parties, as the Court does here, the Court must view the facts in the light most favorable to the plaintiff, the nonmoving party. *Id.* Because discovery has not been started in this case, Global has not been able to supply the Court with factual support for its claims that C&A Pro carries on the same business that C&A Plus did and is a mere continuation of C&A Plus.[2] Global has, however, cited authority for the proposition that jurisdictional contacts of a predecessor corporation may be imputed to its successor corporation without offending due process. *See, e.g., Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 654 (5th Cir. 2002)("[A] successor corporation that is deemed to be a 'mere continuation' of its predecessor corporation can be bound by the predecessor

---

[2]Attached to Global's Memorandum in Response to Defendants' Reply Brief is a C&A Pro invoice dated February 5, 2005 indicating that C&A Pro shipped some of its products to a resident of Arlington, South Dakota. C&A Pro moved to strike Global's surreply brief because it is prohibited by this Court's Local Rules and the Federal Rules of Civil Procedure. In order to maintain the efficiencies of the briefing procedure for motions filed before this Court, the Court finds that Local Rule 7.2 does not permit Global to file a sur-reply brief with additional facts without leave of Court.

corporation's voluntary submission to the personal jurisdiction of a court."). The Fifth Circuit in *Patin* explained that the rationale behind this rule is that, because the two corporations "are the *same entity*, the jurisdictional contacts of one *are* the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis." *Patin*, 294 F.3d at 653. The Eighth Circuit has not addressed the issue whether the contacts of a predecessor corporation could be imputed to a successor corporation for jurisdictional purposes, but in *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc.*, 519 F.2d 634 (8th Cir. 1975), the Eighth Circuit found personal jurisdiction over an individual who had no contacts with the forum state because the corporate defendant was the individual's alter ego, and thus the corporation's contacts with the forum were attributed to the individual for jurisdictional purposes. In addition, Global cited South Dakota law stating that a corporation which purchases assets of another corporation may be liable for its obligations when the transaction amounts to a consolidation or merger; when the purchaser corporation is a mere continuation of the seller corporation; or when the transaction is entered into fraudulently to escape liability for obligations. *Hamaker v. Kenwel-Jackson Mach., Inc.*, 387 N.W.2d 515, 518 (S.D. 1986). Thus, if Global could show that the transfer of assets from C&A Plus to C&A Pro amounts to a consolidation or merger, that C&A Pro is a mere continuation of C&A Plus, or that the transaction was entered into fraudulently to escape liability for C&A Plus's obligations, then personal jurisdiction over C&A Pro might exist because C&A Pro then can be expected to be haled into the same courts as C&A Plus.[3]  In light of this authority, the Court will exercise its discretion to allow Global to conduct discovery in order to investigate C&A Pro's relationship with C&A Plus and to assist this Court in determining whether it has personal jurisdiction over C&A Pro. *See Lakin v. Prudential Securities, Inc.*, 348 F.3d. 704 (8th Cir. 2003) (reversing dismissal of defendant and remanding to district court for jurisdictional discovery). It is likely that the discovery conducted also will assist the Court in determining whether a venue transfer is warranted. Thus, the motions to transfer and C&A Pro's motion to dismiss for lack of jurisdiction will be denied at this stage in the litigation, without prejudice to the parties' right to renew the motions, if warranted, after jurisdictional discovery is completed.

---

[3]The Court would need further briefing from the parties on this issue if it is raised in a future motion.

Defendants move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). For purposes of the motions to dismiss, the Court must take the allegations of the Complaint as true, *McDonough v. National Home Ins. Co.*, 108 F.3d 174, 176 (8th Cir. 1997), and the Court may grant the motions to dismiss under Rule 12(b)(6) only if there is an insuperable bar to relief. *Bowman v. Western Auto Supply Co.*, 985 F.2d 383, 384 (8th Cir. 1993). The Court must deny the motions to dismiss if relief could be granted under any set of facts that could be proved by Global consistent with the allegations. *National Org. For Women v. Scheidler*, 510 U.S. 249, 256 (1994). Reading the Complaint as a whole, and taking as true all factual allegations as the Court must on a motion to dismiss for failure to state a claim, the Court is unable to say that the Global cannot prove any set of facts showing they are entitled to relief under its fraud claim, and the Court will not dismiss the claim under Rule 12(b)(6).[4]

Defendants also argue that Global has failed to plead matters of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." One of the primary purposes of Rule 9(b) is to facilitate a defendant's ability to respond to and defend the charges against him. *Greenwood v. Dittmer,* 776 F.2d 785, 789 (8th Cir. 1985). That purpose has been met by Global. The Complaint details the date, place and manner of the alleged fraud, and identifies the parties involved. *See Abel v. Farmers Commodities Corp.*, 259 F.3d 910 (8th Cir. 2001)(To provide notice of fraud claim, a plaintiff must specify "the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby."). Thus, the motion to dismiss pursuant to Rule 9(b) is denied.

---

[4]In support of their motion to dismiss under Rule 12(b)(6) for failure to state a claim, Defendants have submitted several affidavits. Consideration of these materials would convert the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6). . ., matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment. . . ."). The Court finds it is premature, at this early stage, to consider matters outside the pleadings in resolving Defendants' 12(b)(6) contentions.

Moving for an order requiring Global to file and serve a more definite statement, Defendants assert that the allegations in Global's Complaint are so vague and ambiguous that they cannot frame an Answer. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citing *Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 355 (D.Kan. 1993)). A Rule 12(e) motion must be balanced with the requirement in Rule 8(a) that the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F.Supp. 713, 726 (N.D. Ill. 1995); Fed. R. Civ. P. 8(a). In the present case, Global's pleadings have provided Defendants with reasonable notice of the conduct being alleged. A reading of C&A Pro's brief in support of its motions reflects that Defendants have been able to determine the issues requiring a response. Thus, Defendants' request for a more definite statement pursuant to Rule 12(e) is denied. Accordingly,

IT IS ORDERED:

1. That the motion to dismiss for lack of in personam jurisdiction filed by C&A Pro, and the motion to transfer made by C&A Pro and joined by C&A Plus, are denied without prejudice to the right to renew the motions, if appropriate, after discovery.

2. That Global Polymer may conduct jurisdictional discovery regard the relationship between C&A Plus and C&A Pro for purposes of determining whether this Court has personal jurisdiction over C&A Pro. The parties shall agree on a date for completion of discovery and shall advise the Court in writing, on or before February 1, 2006, of the agreed upon date.

3. That the motions to dismiss for failure to state a claim and for a more definite statement made by C&A Pro and joined by C&A Plus are denied.

4. That the motion to strike Global's sur-reply is granted. (Doc. 18.)

Dated this 13^(th) day of January, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Sharon Louro_
           DEPUTY

7