**FILED**

UNITED STATES DISTRICT COURT          MAY 1 5 2006

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GLOBAL POLYMER INDUSTRIES, INC., | \* | CIV. 05-4081 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | ORDER ON MOTION |
| | \* | |
| C & A PLUS, INC., | \* | |
| and C & A PRO, LLC, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is plaintiff's ("Global's") motion to compel responses to discovery (Doc. 29).

Previously filed and still pending is defendant C & A Pro's ("Pro's") second motion to dismiss for

lack of jurisdiction (Doc. 26 ). In connection with Pro's motion to dismiss for lack of jurisdiction,

an Order was entered which permitted Global to conduct discovery limited to the issue of

jurisdiction. (Doc. 21). This disputed discovery was promulgated by plaintiff pursuant to the Order

allowing jurisdictional discovery.

Pro resists the motion to compel (1) because Global failed to file a supporting brief as

required by Local Rule 7.2, (2) because Pro objected only to those discovery matters which were

beyond the bounds of the jurisdictional discovery Order, and (3) because Global has not made a good

faith effort to meet and confer before filing the motion to compel.

C & A Plus ("Plus") resists the motion to compel (1) because Global did not file a brief to

support their motion as is required by Local Rule 7.2. (2) because the discovery to which Plus objects

is beyond the bounds of the jurisdictional discovery allowed the Order, and (3) because Global has

not attempted to resolve the dispute by conferring with Plus.

Pro has responded to Interrogatories 10-17. Pro has complied with Requests for Production 7-10. Pro objected to all the other discovery requests. Plus has responded to Interrogatories 10 through 16 and to Request for Production 7. Pro asserts "[t]he Interrogatories and Requests for Production that C & A Pro objected to and which are the subject of the Plaintiff's Motion to Compel are without exception beyond the scope of discovery as set forth by the Court." (Response, p. 4). Pro contends the limit of jurisdictional discovery established by the Order is the relationship between Pro and Plus. (Emphasis added).

While it is true Global did not file a supporting brief, the motion to compel can be decided without a supporting brief from Global. Requiring Global to comply with L.R. 7.2 would serve only the purpose of delaying consideration of the motion to compel. Global could simply re-file the motion, next time with a supporting brief. The Court's business in this instance is better served by deciding the motion now so the fundamental issue of jurisdiction can be addressed.

While it is also true that Global has not conferred, it is apparent efforts to confer would be futile. Exchanging letters is not conferring which satisfies the requirement to confer. Nonetheless, the record reveals uncongenial circumstances between the parties, i.e., an underlying substantial judgment in favor Global against Plus for non-payment of money owed, an alleged transfer of assets from Plus to Pro to avoid paying the judgment, and Pro's "transparent jurisdictional manipulation" in North Dakota. (Judge Erickson's words in Civil File No. 3:05-cv-53, Doc.83).

The core issue here is whether the discovery propounded by Global is outside the bounds of the jurisdictional discovery allowed by the Order. Pro quotes the Order to support the proposition that the only discovery permitted by the Order is that which addresses the relationship between Pro and Plus. The body of the Opinion and Order also includes the following language immediately after

2

the words addressing the relationship between Pro and Plus:

> . . .and to assist this Court in determining whether it has personal jurisdiction over C & A Pro. . . . . It is likely that the discovery conducted also will assist the Court in determining whether a venue transfer is warranted.

Doc. 21, p.4. (emphasis added). In order to make an informed decision about jurisdiction and about venue, Judge Piersol needs complete information about the relationship between Pro and Plus, and about the contacts of Pro and Plus with various forums.  Interrogatories 1-9 and Requests for Production 1-5 relate to matters which would tend to reveal the existence or nonexistence of jurisdiction, i.e., the identity of contacts with South Dakota, contracts with South Dakota persons, communications with South Dakota persons, property owned or leased in South Dakota, contacts with South Dakota persons, South Dakota customers, advertising and marketing directed to reach South Dakota persons, sales efforts in South Dakota, and South Dakota contacts with defendants' web site.

Because Request for Production 6 does not relate to jurisdiction, compliance with Request For Production No. 6 is not required by either Pro or Plus.  Both Pro and Plus responded to Interrogatories 10 through 17, so responses to those Interrogatories are not in dispute.  The Requests for Production are tailored differently with respect to Pro and Plus.  Requests for Production 7 through 10 were answered by Pro subject to objections, so those items are not in dispute. Pro's responses are appropriate regarding RFP 7 through 10, so further responses to those RFP are not necessary.  Plus responded to Request for Production 7, so it is not in dispute.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to compel (Doc. 29) is granted in part and denied in part as follows:

    1.    Plaintiff's motion to compel C & A Pro to respond is GRANTED regarding

Interrogatories 1 through 9, and Requests for Production 1 through 5.

2.    Plaintiff's motion to compel C & A Pro to respond is otherwise DENIED.

3.    Plaintiff's motion to compel C & A Plus to respond is GRANTED regarding Interrogatories 1 through 9 and Requests for Production 1 through 5 and 7 through 9. Plus may style its responses to Requests for Production 7 through 9 as was done by Pro.

4.    Plaintiff's motion to compel C & A Plus to respond is otherwise DENIED.

Dated this 12th day of May, 2006.

BY THE COURT:

John B. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By Sharon Louro, Deputy

4