FILED
DEC 14 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| GLOBAL POLYMER INDUSTRIES, INC., | * | 05-4081 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| -vs- | * | |
| C&A PLUS, INC., and C&A PRO, LLC, | * | |
| Defendants. | * | |

*******************************************************************

Pending before the Court is Defendant C&A Pro, LLC's ("C&A Pro") second motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 26.)[1] For the following reasons, the Court finds the motion meritorious, and the Court intends to exercise its discretion under 28 U.S.C. § 1406(a) to transfer this case to the District of North Dakota where personal jurisdiction exists over C&A Pro.

## BACKGROUND

This lawsuit was filed by Global Polymer Industries, Inc. ("Global") in order to collect money it is owed by Defendant C&A Plus, Inc. ("C&A Plus"). Global believes that, after it obtained a judgment against C&A Plus in state court in the amount of $194,335.18, C&A Plus assigned all of its assets to C&A Pro, without any consideration being given, in order to defraud Global and to avoid paying the judgment. Apparently, C&A Plus does not have any property, other than the assets and business allegedly transferred, out of which Global can execute on the judgment. In its Complaint, Global requests the conveyance of assets from C&A Plus to C&A Pro be set aside, that the assets be held subject to payment of Global's judgment, and that the assets be sold to satisfy the judgment.

---

[1] The motion to dismiss includes a request to transfer the case to North Dakota, but C&A Pro moved to withdraw that request and the motion was granted by Order issued on July 6, 2006, doc. 48.

The Court denied C&A Pro's first motion to dismiss for lack of personal jurisdiction without prejudice in order to give Global an opportunity to conduct jurisdictional discovery to investigate whether the transfer of assets from C&A Plus to C&A Pro amounts to a consolidation or merger, whether C&A Pro is a mere continuation of C&A Plus, or whether the transaction was entered into fraudulently to escape liability for C&A Plus's obligations. Under South Dakota law, a corporation which purchases assets of another corporation under those circumstances may be liable for its obligations and can be expected to be haled into the same court as the predecessor corporation.

Now that jurisdictional discovery has been completed, C&A Pro again moves for dismissal based on lack of jurisdiction.[2] Global resists the motion, arguing that C&A Pro is a mere continuation of C&A Plus. The facts cited by Global in support of its mere continuation theory are: 1) C&A Plus assigned all assets to C&A Pro; 2) C&A Plus conveyed to C&A Pro Federal Trademark Registration 2325867 for $1.00; 3) C&A Pro carries on substantially the same business that C&A Plus did - - manufacturing and selling snowmobile parts; 4) Brandon Cormican was an employee of C&A Plus and now is an employee, Governor, member and Secretary/Treasurer with C&A Plus; 5) Brandon Cormican's parents both were directors for C&A Plus. His father was the President of C&A Plus and his mother was the Secretary/Treasurer. C&A Pro responds that C&A Plus has never assigned any assets to C&A Pro; there are no common directors, officers or shareholders; Brandon Cormican is the only common employee; his parents' positions with C&A Plus are irrelevant; and C&A Plus operated in Minnesota while C&A Pro is located in North Dakota. With regard to the transfer of Federal Trademark Registration 2325867, C&A Pro stated in its answers to interrogatories:

> C&A Plus, Inc. only conveyed any right, title and interest that it had in Federal Trademark Registration No. 2325867 (registration now expired) to C&A Pro, LLC. The value Federal Trademark Registration No. 2325867 was questionable at the time of transfer since C&A Plus, Inc. had previously transferred ownership of Federal Trademark Registration No. 2325867 to Pride Solutions, LLC. C&A Pro, LLC provided consideration of $1 to C&A Plus, Inc. in view of the questionable

---

[2] The Court has reviewed copies of the defendants' responses to Global's discovery requests.

value of Trademark Registration No. 2325867. Trademark Registration No. 2325867 is now expired and C&A Pro, LLC has established its own independent trademark rights in the trademark C&A PRO. Nothing else has ever been received, or will be received, from C&A Plus, Inc. by C&A Pro, LLC.

(Doc. 28, Exhibit A at 8-9.)

## DISCUSSION

Corporate successor liability may be imposed under South Dakota law: 1) when the purchasing corporation expressly agrees to assume the selling corporation's liability; 2) if the transaction amounts to a consolidation or merger; 3) when the purchaser corporation is a mere continuation of the seller corporation; or 4) when the transaction is entered into fraudulently to escape liability for obligations. *Hamaker v. Kenwel-Jackson Mach., Inc.*, 387 N.W.2d 515, 518 (S.D. 1986). Global contends that C&A Pro is a mere continuation of C&A Plus and that the transaction was entered into fraudulently to escape liability for C&A Plus' obligations. The South Dakota Supreme Court has indicated that cash consideration is sufficient to establish a prima facie case of continuation of a successor corporation's responsibility for liability if:

(1) There was basic continuity of the enterprise of the seller corporation, including, apparently, a retention of key personnel, assets, general business operations, and the corporate name.

(2) The seller corporation ceased ordinary business operations, liquidated, and dissolved soon after distribution of consideration received from the buying corporation.

(3) The purchasing corporation assumed those liabilities and obligations of the seller ordinarily necessary for the continuation of the normal business operations of the seller corporation.

(4) The purchasing corporation held itself out to the world as the effective continuation of the seller corporation.

*Hamaker*, 387 N.W.2d at 519. These factors do not exist in the present case. First of all, C&A Plus did not sell its business to C&A Pro, and there was no continuity of business operations between

C&A Plus and C&A Pro. C&A Plus has never assigned any assets to C&A Pro.[3] The only asset transferred was the trademark registration which is of questionable value. In addition, C&A Plus ceased all business operations by July 2003 when it sold its assets to Pride Solution, but C&A Plus has not formally dissolved. Further, C&A Plus operated only in Minnesota, and C&A Pro began business in Jeremy Morlock's residence in Fargo, North Dakota and has operated only in North Dakota. Jeremy Morlock was not connected with C&A Plus. The only common employee of the two entities is Brandon Cormican. C&A Pro did not assume any liabilities or obligations of C&A Plus, nor did it hold itself out as the continuation of C&A Plus.

The South Dakota Supreme Court has held that commonality of the officers, directors, and stockholders is the most important element of a "continuation," and have declined to impose corporate successor liability in the absence of such commonality, even if the remaining factors of the "mere continuation" test are present. *See Hamaker*, 387 N.W.2d at 518. Not only are the other factors of the "mere continuation" test lacking in the present case, but the key element is missing. None of the owners, officers or shareholders of C&A Plus and C&A Pro are the same. Global has presented nothing that would contradict this finding. The fact that Brandon Cormican's parents were officers of C&A Plus is not enough. The Court finds no reason to believe the defendants have provided untrue answers to Global's discovery requests, and there is nothing in the record that would warrant a finding that C&A Pro is a mere continuation of C&A Plus. The Court therefore concludes that C&A Pro is not a continuation of C&A Plus and cannot be subject to personal jurisdiction on that basis.

---

[3]In support of its assertion that C&A Plus assigned all of its assets to C&A Pro, Global cites to a North Dakota case entitled *C&A Pro, LLC v. Pride Solution, LLC*, 2005 WL 388602 (D.Minn. 2005), where the Court stated that C&A Plus assigned all of its assets to C&A Pro. Global cites no authority and presents no argument indicating why that statement should be binding in the present case. Both C&A Pro and C&A plus contend that the Minnesota court was mistaken. (Doc. 52, Exhibit C at 5 (C&A Plus sold its assets to Pride Solutions, LLC); Doc 15, Declaration of Brandon Cormican at ¶ 2 ("C&A Plus did not assign all of its assets to C&A Pro)). This Court is not bound by the North Dakota court's statement in *C&A Pro, LLC v. Pride Solution, LLC* regarding assignment of assets to C&A Pro.

Global also asserts that C&A Pro is subject to jurisdiction because it "conducts continuous and systematic business within the state of South Dakota" and therefore that "this Court has general jurisdiction over C&A Pro" notwithstanding any relationship with C&A Plus. To evaluate personal jurisdiction under the due process clause, the Court must consider five factors: (1) the nature and quality of the defendants' contacts with South Dakota; (2) the quantity of their contacts with this state; (3) the relation of the cause of action to the contacts; (4) the interest of South Dakota in providing a forum for its residents; and (5) the convenience of the parties. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Northrup King Co. v. Compania Productora Semillas Algodoneras Seclectas, S.A.*, 51 F.3d 1383, 1387-88 (8th Cir. 1995); *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The latter two issues are secondary and of less importance than the first three factors. *Id.* Because the first three factors are closely interrelated, the Court may consider them together. *Id.* The Court should consider the defendant's contacts with the forum in the aggregate; the Court should look at the totality of the circumstances. *Id.* The third factor (the relationship of the cause of action to the contacts) draws a distinction as to whether the jurisdiction is specific or general. *EFCO Corp. v. Aluma Systems, USA, Inc.*, 983 F.Supp. 816, 820 (S.D.Iowa 1997). "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994) (quoting *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993). Where the Court considers whether it has specific jurisdiction over a nonresident defendant, due process is satisfied if the defendant purposefully directed its activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995). The inquiry is whether the defendant has directed its activities toward residents of the forum and whether the litigation arises out of those activities. *Northrup King*, 51 F.3d at 1387.

C&A Pro contends that it does not have sufficient contacts with South Dakota to give this Court personal jurisdiction over it. The following facts are listed in support of its argument: C&A

5

Pro does not maintain offices in South Dakota or in any other state other than North Dakota; C&A Pro's books, records and files are kept and maintained in Fargo, North Dakota; C&A Pro does not have any employees or agents in South Dakota; C&A Pro derives only *de minimis* revenue from the state of South Dakota; C&A Pro has never had a business relationship of any kind with Global Polymer. Global argues that C&A Pro does have sufficient minimum contacts for personal jurisdiction to exist. Global has submitted copies of invoices showing that three orders have been placed by three customers from South Dakota since C&A Pro's incorporation in 2004. Pursuant to those orders, products were shipped by C&A Pro to South Dakota. Notably, one of the three customers is a Global employee.

Global has not shown that C&A Pro directed its activities toward South Dakota residents or that this litigation arises out of the three sales to South Dakota residents. C&A Pro's conduct and connection with South Dakota are not such that it should reasonably anticipate being haled into court in this state. Having carefully considered the nature and quality of the contacts of C&A Pro with South Dakota, the quantity of its contacts, the relationship of the suit to those contacts, the interest of South Dakota in providing a forum for its residents, and the convenience of the parties, the Court concludes that it cannot properly exercise personal jurisdiction over C&A Pro.

Global's claim that the sale of C&A Plus to C&A Pro was for the fraudulent purpose of avoiding Global's judgment against C&A Plus also fails. Global has offered no evidence that there was a sale, and there is no evidence to support its allegations of fraud on the part of either defendant. Global has simply not presented a cause of action based on a fraudulent sale of C&A Plus.

The Court has considered Global's motion to take judicial notice of the Memorandum Opinion entered by the United States District Court for the District of North Dakota. (Doc. 30.) Global did not file a brief in support of its motion at the time of filing but, in its reply brief in support of the motion, Global indicates that it wants this Court to take judicial notice of the fact that the North Dakota court dismissed the case of *C&A Pro, LLC v. Global Polymer Industries, Inc. and Slydog of South Dakota, Inc.* for lack of personal jurisdiction. C&A Pro does not object to the Court

6

taking notice that the North Dakota case was dismissed for lack of personal jurisdiction over Global in North Dakota, but Global's contacts with the state of North Dakota are not relevant to the issue in this case, which is whether C&A Pro is subject to personal jurisdiction in South Dakota. Accordingly, the motion to take judicial notice is denied. *See, e.g., United States v. Peck*, 161 F.3d 1171, 1174 (8th Cir. 1998) (affirming trial court's decision not to take judicial notice of irrelevant materials).

The Court finds that the record, taken in a light most favorable to Global, cannot support personal jurisdiction over C&A Pro. The Court intends to transfer the case to the District Court for the District of North Dakota after giving the parties an opportunity to be heard on that issue.[4] Accordingly,

IT IS ORDERED:

1. That, on or before January 5, 2007, Global shall serve and file a brief setting forth argument and authority in support its position on the Court's determination that this case should be transferred to the District of North Dakota; C&A Pro's response is due on or before January 25, 2007, and Global may file a reply within ten (10) days after receipt of C&A Pro's brief.

2. That Global Polymer's motion to take judicial notice, doc. 30, is denied.

Dated this 14th day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies

---

[4] The Court can transfer a case *sua sponte*, *see I-T-E Circuit Breaker, Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965), and a case can be transferred even if the transferring court lacks personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

7